# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHAD GUIDRY** | * | **CASE NO.** |
| | * | |
| | * | |
| **VERSUS** | * | **SECT:** |
| | * | |
| | * | |
| **ANDY DRAYTON LOGGING, LLC,** | * | **JUDGE:** |
| **WEST BEND MUTUAL INSURANCE** | * | |
| **COMPANY, AND ANDREW DRAYTON** | * | |

## PETITION FOR REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Andrew Drayton, Andy Drayton Logging, LLC and West Bend Mutual Insurance Company ("West Bend"), and with respect states:

1.

This action has been brought in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, by the filing of a Petition for Damages, which bears Civil No. 19415 "D" and is entitled "*Chad Guidry v. Andy Drayton Logging, LLC, West Bend Mutual Insurance Company, and Andrew Drayton.*"[1]

2.

This action is a civil action brought by Plaintiff, Chad Guidry, seeking to recover damages as a result of a motor vehicle accident that occurred in Houma, Louisiana on September 23, 2021.

---

[1] A true copy of the Petition for Damages is attached hereto as Exhibit "1."

3.

According to the allegations of Plaintiff's Petition for Damages, this suit involves a controversy between citizens of different states.

4.

Plaintiff alleges in his Petition that he is a resident of Terrebonne Parish, Louisiana.[2]

5.

Plaintiff's Petition also alleges that Defendants, Andrew Drayton and Andy Drayton Logging, LLC are residents of Michigan.  Andrew Drayton and Andy Drayton Logging, LLC were served with process in Eben Junction, Michigan.

6.

Plaintiff's Petition alleges that West Bend is a foreign insurance company.  It is undisputed that West Bend is not a Louisiana citizen.[3]  West Bend in fact is a citizen of and is domiciled in Wisconsin, with its principal place of business in West Bend, Wisconsin.

7.

In Paragraphs III, VI and IX of his Petition, Plaintiff alleges:

III.

The defendants are responsible and liable jointly, severally, solitarily and/or vicariously to petitioner because of a September 23, 2021 automobile accident in Terrebonne Parish.

*       *       *

---

[2] See introductory paragraph of Exhibit "1."
[3] See Paragraph I of Exhibit "1."

VI.

As a result of the collision, petitioner, Chad Guidry, suffered lasting injuries.

*        *        *

IX.

As a result of the accident and negligence described above, petitioner, Chad Guidry, is owed the following damages:

1. Past, present and future physical pain and suffering;

2. Past, present and future mental anguish, aggravation, annoyance and inconvenience;

3. Past, present and future disability (bodily and mental);

4. Past, present and future medical expenses;

5. Past, present and future wage losses;

6. Property damages, including diminution of value, sales tax and loss of use;

7. Loss of enjoyment of life;

8. Loss use/function of body parts;

9. Past, present and future emotional damages and psychological suffering; and,

10. Destruction of earning capacity.

8.

In accordance with La. C.C.P. art. 893, the Plaintiff's Petition for Damages itself does not disclose the amount of monetary damages sought by Plaintiff except to state, in Paragraph XIV, that the damages exceed $50,000.  However, Defendants served Plaintiff with a Requests for

Admissions, a First Set of Interrogatories and First Set of Requests for Production of Documents. On September 16, 2022, Plaintiff initially responded to the Requests for Admissions, First Set of Interrogatories and First Set of Requests for Production of Documents. On October 13, 2022, Plaintiff submitted Supplemental Answers to Interrogatories.[4]

9.

In his Answer to Defendants' Requests for Admissions, Plaintiff admitted that the damages in controversy, exclusive of interest and costs, exceeds $75,000.[5]

10.

In his Supplemental Answers to First Set of Interrogatories, Plaintiff itemized his damages as follows:

Total damages does exceed the $75,000.

Plaintiff's current medical bills total no less than $25,369.

Plaintiff's vehicle was totaled in the accident. The Kelley Blue Book value of the vehicle is between $10,257 and $12,264. The vehicle had around 90,000 miles on it at the time of the accident.

Plaintiff may miss about 4 hours of work a week to go the his chiropractic appointments when he goes to the doctor twice a week. He makes roughly $19 per hour. Plaintiff will supplement this response latter. Plaintiff will quantify the amount of money he has lost due to having make doctor appointments and supplement this response at a later date.

Dr. Wyatt will issue a narrative report after plaintiff's 10/19/22 appointment addressing any long term issues that Mr. Guidry will have as the result of the subject accident. Plaintiff will supplement this report upon receipt.[6]

---

[4] Plaintiff's Responses to Requests for Admission are Exhibit "2," and Plaintiff's Original Answers to First Set of Interrogatories and First Set of Requests for Production of Documents, are attached hereto as Exhibits "3" and "4," respectively. Plaintiff's Supplemental Answers to Interrogatories are attached hereto as Exhibit "5."
[5] See Exhibit "2" at Response to Request No. 1.
[6] See Exhibit "5" at Supplemental Answer to Interrogatory No. 7.

11.

Plaintiff also refused to enter into a binding stipulation that his total damages do not exceed $75,000, exclusive of interest and costs.[7]

12.

In his Original Answers to First Set of Interrogatories, when asked to describe the injuries he contends he sustained as a result of the accident in question, Plaintiff simply stated as follows:

> Please refer to attached medical records for any surgery recommended or procedures.[8]

13.

On September 16, 2022, Plaintiff also produced copies of his medical records allegedly related to the September 23, 2021 accident in question in response to West Bend's Requests for Production of Documents.[9]  These medical records reflect that since the accident in question, Plaintiff has received medical care that he contends was necessitated by the accident, from the following healthcare providers:

(a)     Family Doctor Clinic;

(b)     Dr. Jonathan Boudreaux, D.C.;

(c)     Open MRI of Louisiana – Houma; and

(d)     Orthopaedic Care Center of Louisiana (Dr. David Wyatt).

---

[7] See Exhibit "2" at Response to Request No. 2.
[8] See Exhibit "3" at Answer to Interrogatory No. 4.
[9] See Exhibit "4" at Response to Request No. 4.  A copy of medical records produced by Plaintiff in response to West Bend's First Set of Requests for Production are included in Exhibit "4" at Bates Nos. GUIDRY-000001 – 000045.

14.

Plaintiff's first accident-related medical appointment was on the day after the accident, on

September 24, 2021 at the Family Doctor Clinic.  Plaintiff provided the following history:

> 30 yo male here for evaluation after MVC which occurred yesterday.  Pt was
> restrained driver when a large work truck pulling a trailer struck the front of his car
> and dragged it several feet.  He states that after the accident he did not have pain,
> but now with neck pain, left shoulder pain.  No LOC, wind shield intact, truck not
> driveable.  Air bags were deployed.  No abdominal pain, HA, low back pain.

Plaintiff was initially diagnosed with cervicalgia and left shoulder pain.  He was injected

with pain medication and also prescribed medication, and underwent x-rays.

15.

In his April 6, 2022 report, the Plaintiff's current treating physician, Dr. David Wyatt, notes

that Plaintiff was then complaining of neck pain, with intermittent tingling to his left trapezius and

scapular region.  Dr. Wyatt's assessment was as follows:

> Based on the history provided by the patient and the above-noted examination
> findings, it is more likely than not that the accident of 09/23/2021 caused his
> symptoms and caused or aggravated all conditions documented.

Dr. Wyatt prescribed medication and recommended a nerve conduction study.  In his May

4, 2022 report, Dr. Wyatt's assessment was:

> He has an MRI of the cervical spine with some arthritis at the atlantodental joint.
> He had facet arthritis and bilateral foraminal stenoses at C7-T1.

16.

According to the medical records produced by Plaintiff (included in Exhibit "4"), the dates

of service for each healthcare provider Plaintiff has seen thus far is as follows:

(a)      Family Doctor Clinic – September 24, 2021.

(b)     Dr. Jonathan Boudreaux, D.C. – September 29, 2021; October 4, 8, 13, 18, 21, 28, 29, 2021; November 1, 4, 8, 11, 15, 18, 23, 24, 2021; December 1, 2, 8, 9, 13, 16, 20, 23, 27, 30, 2021; January 3, 6, 10, 12, 17, 20, 24, 26, 28, 31, 2022; February 3, 7, 10, 14, 17, 21, 24, 2022; March 2, 3, 9, 10, 14, 17, 21, 24, 28, 31, 2022; April 4, 7, 11, 13, 18, 21, 25, 28, 2022; May 2, 5, 9, 12, 16, 19, 23, 26, 30, 2022; June 2, 6, 9, 13, 2022 (74 visits total).

(c)     Open MRI of Louisiana – Houma – June 25, 2022.

(d)     Orthopaedic Care Center of Louisiana (Dr. David Wyatt) – April 6, 2022; May 4, 2022; June 15, 2022; October 19, 2022 (future date).[10]

17.

Regarding loss of income, Plaintiff claims:

Plaintiff may miss about 4 hours of work a week to go the his chiropractic appointments when he goes to the doctor twice a week.  He makes roughly $19 per hour.  Plaintiff will supplement this response latter.  Plaintiff will quantify the amount of money he has lost due to having make doctor appointments and supplement this response at a later date.[11]

Based on the number of dates for medical accident-related appointments (80), this would equate to 320 hours of missed work.  At $19 per hour, Plaintiff's past lost income would total approximately $6,080.

18.

Plaintiff is also asserting a claim for "Property damages, including diminution of value, sales tax and loss of use."[12]  According to Plaintiff's Supplemental Answer to Interrogatory No. 7,

---

[10] See Exhibit "5" and Supplemental Answer to Interrogatory No. 7.
[11] See Supplemental Answers to Interrogatories, Exhibit "5" at Supplemental Answer to Interrogatory No. 7.
[12] See Exhibit "1" at Paragraph IX.(6).

at this time it appears his property damage claim has a value of $10,257 to $12,264, not including "diminution of value, sales tax and loss of use."[13]

19.

Plaintiff's Original and Supplemental Answers and Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents, and Answers to Requests for Admissions, constitute "other paper(s)" for purposes of 28 U.S.C. §1446(b)(2)(C)(3). The Plaintiffs' discovery responses, including all the medical records that have been produced, combined with his refusal to stipulate that his damages will not exceed $75,000, exclusive of interest and costs, indicate that the amount in controversy for purposes of 28 U.S.C. §1332 is met when special damages and potential general damages are considered. Plaintiff indicates that his special damages alone total $41,706.[14]

20.

Defendants request that this matter be removed to this Honorable Court, based on the existence of subject matter jurisdiction under 28 U.S.C. §1332, is with reservation of all Defendants' defenses, including the defense that the accident in question did not cause the damages complained of by Plaintiff.

---

[13] See Exhibit "5" at Supplemental Answer to Interrogatory No. 7.  See also photographs of Plaintiff's vehicle included in Exhibit "4."

[14] See e.g., *Wells v. Oakley Trucking, Inc.*, 2018 WL 3640874 (E.D. La. 8/1/18) at *3 ("courts have awarded general damages to plaintiffs who had cervical and lumbar injuries of the nature alleged by Wells, without surgeries, in amounts equal to or exceeding $75,000."); *Thomas v. Louis Dreyfus Commodities, LLC*, 2016 WL 1317937 (M.D. La. 3/11/16) at **4-5 (collecting analogous cases for quantum comparison and concluding "that Defendants have met their burden of establishing that Plaintiff's claims more likely than not exceed the jurisdictional minimum."); *Manieri v. CR England, Inc.*, 2019 WL 2022535 (E.D. La. 5/8/19); *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167 (E.D. La. 10/18/00) at *2 (noting that a failure to stipulate that the amount in controversy is below $75,000 is evidence that the amount in controversy is in excess of the requisite amount).

21.

Simultaneously with the filing of this Petition for Removal, written notice of removal is being given to all parties and a copy of this Petition for Removal and a Notice of Removal will be filed with the Clerk of Court for the Civil District Court for the Parish of Terrebonne, State of Louisiana, to effect a removal of this civil action to this Honorable Court, as provided by law.

**WHEREFORE**, Defendants, Andrew Drayton, Andy Drayton Logging, LLC and West Bend Mutual Insurance Company, pray that this Petition for Removal be accepted as good and sufficient, and the aforesaid civil action be removed from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to this Honorable Court for trial and determination as provided by law.  Movers further pray that this Court enter such Orders and issue such process as may be proper to bring before it copies of all records and proceedings as such civil action from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, and thereupon proceed with this civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**LITCHFIELD CAVO, LLP**

**THOMAS M. RICHARD (#2069)**
1261 W. Causeway Approach, Suite 200
Mandeville, LA  70471
Direct: 985-869-8707
Office: 985-869-8700
Fax: 985-303-6500
richardt@litchfieldcavo.com
*Attorney for Defendants, Andrew Drayton,*
*Andy Drayton Logging, LLC and*
*West Bend Mutual Insurance Company*

9

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this ___14th___ day of October, 2022, served a copy of the

foregoing pleadings on counsel for all parties by:

(     )      Hand Delivery             (     )      Prepaid U.S. Mail

(     )      Facsimile                   (     )      Overnight Delivery

(   X   )      Electronic Mail

**THOMAS M. RICHARD**